UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CASTRO, | Case No. CV 07-6480 PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for disability insurance benefits and supplemental security income. Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence, it is affirmed.

Plaintiff filed applications for disability insurance benefits and supplemental security income on August 29, 2005, alleging that he had been disabled since August 19, 2005, due to diabetes. (Administrative Record ("AR") 40-41, 57, 76.) The Agency denied the applications initially and on reconsideration. (AR 43-48, 92.) Plaintiff then requested and was granted a hearing before an

Administrative Law Judge ("ALJ"), which was conducted on June 7, 2007. (AR 214-30.)  Plaintiff appeared with counsel and testified. (AR 214-27.)  On June 29, 2007, the ALJ issued a decision denying the application. (AR 8-22.)  Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review. (AR 3-5.)  Plaintiff then commenced this action.

Plaintiff raises three claims of error. He argues first that the ALJ did not properly consider the type, dosage, and side effects of his medications in determining whether he was disabled. (Joint Stip. at 3-4.)  Plaintiff explains that his doctor prescribed methocarbamol and Tylenol 3 for "severe pain" and that the common side effects of these medications include drowsiness, dizziness, headache, and vomiting. He complains that the ALJ failed to consider these side effects in her decision. (Joint Stip. at 3.)  For the following reasons, the Court finds that this claim does not warrant reversal or remand.

Plaintiff testified at the administrative hearing that these medications did not cause any side effects.[1] (AR 223.)  In addition, as the ALJ noted, the medical record contains no evidence that Plaintiff ever reported to his treating doctors that he experienced side effects from these medications and none of his doctors ever noted that he did. (AR 15.)  As such, the ALJ did not err in not finding that the side effects from Plaintiff's medications interfered with his ability to work.

---

[1] In his benefits application, Plaintiff complained that two medications, Glyburide and Metformin, caused nausea, indigestion, and gas. (AR 67.)  He does not raise any issue with respect to these medications in this action.

Plaintiff argues that he testified that he suffered from "functionally limiting dizziness," which is a side effect associated with methocarbamol and Tylenol 3. (Joint Stip. at 5.) Though it is true that he testified about dizziness, he testified that it was his diabetes that caused the dizziness, not the medications he was taking. (AR 221.)

Even assuming that Plaintiff had testified that his medications were causing side effects, the ALJ would have been justified in rejecting that testimony because there was no objective medical evidence supporting that claim and the ALJ, rightfully, concluded that Plaintiff was not credible. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). For these reasons, the Court rejects Plaintiff's first claim.

In his second claim of error, Plaintiff contends that the ALJ misrepresented the record when she noted in her decision that "no aggressive treatment was ordered such as strong narcotics, therapy, injections, surgery, etc." (AR 14.) Plaintiff argues that a March 2007 treatment record that the ALJ was discussing in this section shows that he was prescribed methocarbamol and Tylenol 3 for severe pain which, according to Plaintiff, are narcotic pain relievers. (Joint Stip. at 6.) Plaintiff argues that this "misrepresentation" by the ALJ requires reversal. For the following reasons, the Court disagrees.

First, the Court is not convinced that the ALJ's statement was necessarily wrong. As the Agency points out, methocarbamol is not a narcotic analgesic, but a depressant that is used as a muscle relaxant. *See, e.g.*, http://dailymed.nlm.nih.gov/dailymed/drugInfo.cfm?id=5754 (describing properties of methocarbamol). And

Tylenol 3, which is a narcotic, is not considered to be a particularly aggressive treatment. *See*, *e.g.*, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a601005.html (stating that Tylenol 3 (i.e., with codeine) is used to relieve "mild to moderate pain"). Thus, the ALJ's statement that Plaintiff's doctor did not order "strong narcotics" appears to be supported by the record.

Even assuming that it was not, Plaintiff has not shown why this statement by itself requires reversal. Plaintiff cites *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984), for the proposition that an ALJ may not ignore or misstate evidence to justify her conclusion. Yet *Gallant* is clearly distinguishable. In that case, the ALJ ignored subjective and objective evidence of pain and improperly based his opinion on the claimant's physical demeanor at the administrative hearing. 753 F.2d at 1455-56. Here, by contrast, Plaintiff has not shown that the ALJ ignored any competent evidence or based her opinion on any illegitimate grounds. On the contrary, the ALJ discussed Plaintiff's allegations and treatment history at length, and concluded that the objective medical evidence did not support the limitations he alleged. (AR 12-18.) Thus, the Court finds no merit to this claim.

In his third claim of error, Plaintiff contends that the ALJ erred in finding that his poorly controlled diabetes was not a severe impairment. (Joint Stip. at 8-9.) Plaintiff argues that "people with diabetes can experience a number of severe, life-threatening complications," and that these complications, such as the dizziness that Plaintiff allegedly experienced, "can clearly have a significant impact on functional ability." (Joint Stip. at 8, 9.) For the following reasons, this claim is rejected.

At step two of the sequential evaluation process, the ALJ is tasked with identifying a claimant's "severe" impairments. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that has more than a minimal effect on an individual's ability to do basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. § 416.921(a). The governing regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). Under Social Security Ruling 85-28, a "determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities[.]" A claimant's subjective symptoms must be considered in this evaluation. *Smolen*, 80 F.3d at 1290. The step-two inquiry is intended to be a "de minimis screening device." *Id.*

Here, the ALJ evaluated the medical evidence and determined that none of Plaintiff's impairments--adjustment disorder with depressed mood, poorly controlled diabetes, hypertension, elevated cholesterol, atypical chest pain, and complaints of back pain--had more than a minimal effect on his ability to do basic work activities. (AR 14-16, 17, 19.) In making her determination, the ALJ relied primarily on the opinion of Dr. Concepcion Enriquez, who conducted a consultative internal examination on December 6, 2005, and concluded that Plaintiff had no impairment-related physical limitations. (AR 159.) The ALJ also relied on Plaintiff's treatment records, which showed that Plaintiff had poorly controlled diabetes mellitus but also that Plaintiff had not been fully compliant with medications or diet, and which did not indicate diabetic end organ damage or limiting diabetic

1  symptoms.  (AR 14.)  The ALJ noted that Plaintiff had not complained
2  of dizziness to his treating doctors and that the record did not
3  corroborate Plaintiff's complaints of fainting spells.  (AR 15.)
4  Additionally, the ALJ rejected Plaintiff's complaints of extreme
5  fatigue, leg pain, bilateral knee pain, and poor vision as not
6  supported by the objective medical evidence.  (AR 15.)

7     In addition to these factors, the ALJ also relied on the opinion
8  of Dr. John Stephenson, who conducted a consultative psychological
9  examination of Plaintiff on December 13, 2005.  (AR 166-72.)  Dr.
10 Stephenson found that Plaintiff did not try in the testing and
11 diagnosed him with an adjustment disorder with depressed mood.  (AR
12 170.)  He concluded that Plaintiff would not be limited in his
13 abilities to relate to others in an appropriate manner; to understand,
14 remember, and follow instructions; to maintain the appropriate level
15 of concentration, persistence, and pace; to adapt to day-to-day work
16 activities; and to manage his own funds.  (AR 171.)  Finally, the ALJ
17 determined that Plaintiff's subjective complaints as to his functional
18 limitations were not fully credible.  (AR 17.)

19    It is noteworthy that Plaintiff does not directly challenge any
20 of the ALJ's determinations summarized above.  Instead, Plaintiff
21 argues that, because the ALJ found that he has poorly controlled
22 diabetes, which condition is commonly associated with a range of
23 functional limitations, his impairment must be deemed severe.  (Joint
24 Stip. at 13-14.)  The record simply does not support such a finding.
25 Though there are numerous physical effects commonly associated with
26 diabetes, some of which could interfere with an individual's ability
27 to work, the record in this case establishes that Plaintiff either
28 does not suffer from them or, if he does, they are not so severe as to

limit his ability to work.  Plaintiff had the burden to demonstrate at step two that his diabetes affected his ability to perform basic work activities.  *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).  He failed to do so.  And the ALJ was correct in finding that this impairment was not severe.

For the reasons set forth above, the ALJ's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED:    January 9, 2009.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-CLOSED\Closed-Soc Sec\CASTRO\Memo_Opinion.wpd